UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA HERRERA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No.  1:19-cv-01792-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT**<br><br> (ECF No. 15) |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 6, 8, 17). Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

**I.　ANALYSIS**

　　**A.　Medical Opinion Testimony**

Plaintiff challenges the decision of the Administrative Law Judge ("ALJ"), on the ground that the ALJ "improperly reject[ed] the opinion of Plaintiff's treating physician, Dr. Fernandez, without setting forth specific and legitimate reasons." (ECF No. 15 a 12). The Ninth Circuit has

held regarding such opinion testimony:

> The medical opinion of a claimant's treating physician is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. *Id.* § 404.1527(c)(2)–(6). "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (alteration in original) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Bayliss*, 427 F.3d at 1216); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("[The] reasons for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion."). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

*Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). Dr. Fernandez's opinion is contradicted by two non-examining state agency medical consultants. Thus, this Court examines whether the ALJ provided specific and legitimate reasons supported by substantial evidence for giving little weight to Dr. Fernandez's opinions.

The ALJ stated the following concerning Dr. Fernandez's opinion:

> Although Dr. Fernandez is a treating doctor, little weight is given to his opinion, [which] is not supported by the evidence. The evidence shows only mild musculoskeletal abnormalities, which are inconsistent with the doctor's opinion. Furthermore, the doctor said she could only sit for 15 minutes at a time; however, she was able to sit throughout the 45-minute hearing.

(A.R. 26).

Plaintiff first argues that the ALJ improperly rejected Dr. Fernandez's opinion with a "boilerplate assertion that the opinion is unsupported by the evidence due to mild examination findings[.]" (ECF No. 15 at 13). While the ALJ specifically cited to mild *musculoskeletal* abnormalities, it is true that the ALJ did not describe which musculoskeletal abnormalities were

sufficiently mild to overcome the various other abnormalities. Additionally, there are many other documented issues, which the ALJ did not address as supporting Plaintiff's position. *See, e.g.,* A.R. 340 ("Patient can not stand upright du[e] to increased pain and muscle spasms to his [sic] lower back. He [sic] leans forward about 15 degrees."), 603 ("Patient having some difficulty even standing straight."), 441 (in x-ray report, "There is endplate spondylosis and disc space loss at L5-S1" and concluding "Degenerative changes of the spine, as detailed above.")). Thus, this reason is not legally sufficient.

The ALJ's second rationale is that Plaintiff was able to sit through her 45-minute hearing despite Dr. Fernandez's opinion limiting her to fifteen minutes of sitting. Plaintiff argues that the ALJ disregarded Plaintiff's complaint during the hearing that she was in pain. (A.R. 51) ("Q. Are you in pain right now? A. Yes."). Thus, again, the ALJ cites a specific reason, but it is not legitimate in light of Plaintiff's testimony. *See Teran v. Astrue*, 499 F. App'x 660, 662 (9th Cir. 2012) (unpublished) ("The ALJ found Teran's testimony that she can sit for only five minutes to be inconsistent with her behavior at the hearing, during which, as the ALJ describes, 'she was able to sit for 30 minutes and did not shift position until it was pointed out to her that she had been sitting that long.' This is unsupported by the record. When her attorney noted that she had been sitting for longer than five minutes, Teran responded that she was 'very uncomfortable' and had been moving around in her chair, an explanation the ALJ never disputed on the record."). The Commissioner cites to *Morgan v. Commissioner*, 169 F.3d 595, 600 (9th Cir. 1999), to support the ALJ's rationale. As the Commissioner noted in its brief, an ALJ may use personal observations so long as they are supported. The ALJ's observations here were insufficiently supported. Accordingly, this reason to discount Dr. Fernandez's opinion is not legitimate or supported by substantial evidence.

After consideration, the Court finds that the ALJ's reasons for giving little weight to Dr. Fernandez's opinion were not specific and legitimate reasons supported by substantial evidence.

**B.     Subjective Complaints**

Plaintiff argues that the ALJ "failed to offer any reason for rejecting [Plaintiff's] subjective complaints." (ECF No. 15 at 16).

The Ninth Circuit has provided the following guidance regarding a Plaintiff's subjective complaints:

> Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *see also Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir. 1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir. 1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.

*Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996).

The ALJ stated as follows regarding Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because, although she reports constant pain, she shows full strength and normal reflexes (Exhibit 10F, p. 3). Imaging findings are minimal (Exhibits 4F, pp. 75, 77-79; 6F, pp. 7-9, 89; 7F, pp. 63-64). She sometimes limps, and other times displays a normal gait. The claimant is diabetic, but she has a history of poor compliance (Exhibit 1F, pp. 1-7). She reported she drives, but then testified she does not drive (Exhibit 5E, p. 4). Although there is a mention of fibromyalgia, in order to establish fibromyalgia, there must be a history of widespread pain in all quadrants of the body; at least 11 positive tender points on an examination; and evidence that other disorders that could cause the symptoms or signs were excluded (SSR 12-2p). The medical records do not include identification of her tender points, nor the other requisite evidence. Consequently this diagnosis is not satisfied for Social Security purposes.
>
> The claimant's testimony, subjective complaints, and limitations are simply not consistent over time and are grossly disproportional to her activities and treatment record.

(A.R. 28).

Because the ALJ found that Plaintiff's impairments could reasonably be expected to cause her alleged symptoms but did not find malingering, the ALJ was required to provide clear and convincing reasons to reject Plaintiff's testimony, and the reasons could not solely be disagreements with the objective evidence.

Plaintiff first argues that the ALJ improperly relied on objective medical evidence. However, the ALJ also relied on two other rationales. First, the ALJ noted that that Plaintiff has a history of poor compliance with diabetes. The Commissioner argues that this is a proper reason to disregard the testimony, citing to *Sager v. Colvin*, 622 F. App'x 629, 629 (9th Cir. 2015) (unpublished) ("The ALJ offered specific, clear and convincing reasons for rejecting Sager's testimony about the severity of his symptoms. Sager failed to comply with treatment recommendations to quit smoking, take prescribed medications, have epidural injections, consistently perform a home exercise program and consider spinal cord stimulation treatment. This noncompliance undermines his claims of debilitating pain." (citations omitted)). Although this unpublished opinion is non-binding, it does provide support for relying at least in part on a plaintiff's lack of medical compliance in evaluating subjective symptom testimony.

The second reason other than objective medical evidence was that Plaintiff's testimony about driving was inconsistent with a form she filled out. The ALJ was correct that the statements were inconsistent. (*Compare* A.R. 50 ("Q. Do you have a driver's license? A. I do but I don't use it.") *with* A.R. (checking "Yes" to "Do you drive?")). Given these two additional rationales, the ALJ was permitted to otherwise rely on objective medical evidence, which the ALJ set forth with specificity.

Plaintiff also argues that the ALJ failed to explain what testimony was not credible. However, the ALJ pointed to Plaintiff's complaints of constant pain, which was belied by her full strength and normal reflexes. (*See* A.R. 28). The ALJ also found that Plaintiff's limp was inconsistent over time.

///

///

///

Therefore, the Court finds that the ALJ provided legally sufficient reasons to reject Plaintiff's testimony.

### C. Remedy

Plaintiff argues that when "an ALJ fails to give sufficiently specific reasons for rejecting the conclusion of a physician, it is proper to remand the matter for proper consideration of the physician's evidence." (ECF No. 15 at 16) (internal quotation marks, alterations, and citations omitted). Thus, as requested, the Court will remand the matter and not independently consider whether benefits should be awarded.

## II. CONCLUSION AND ORDER

The Court thus remands this case to the ALJ and directs the ALJ upon remand to evaluate whether the limitations reflected in Dr. Fernandez's medical opinions would entitle Plaintiff to an award of benefits.

Accordingly, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: **March 9, 2021**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE

6